

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ROSELYN WISE,<br>  Plaintiff,<br><br>vs.<br><br>SOUTH CAROLINA DEPARTMENT<br>OF REVENUE; SHUKURA ELLISON;<br>JACKIE ROGERS; JONTE COLCLOUGH;<br>and ALLISON CORBITT,<br>  Defendants. | §<br>§<br>§<br>§  CIVIL ACTION NO. 3:18-02161-MGL-PJG<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS**

This is an employment case. All parties are represented by counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendants South Carolina Department of Revenue, Shukura Ellison, Jackie Rogers, Jonte Colclough, and Allison Corbitt's (collectively Defendants) motion to dismiss be granted in part and denied in part. The Magistrate Judge recommended Defendants' motion to dismiss be granted as to Plaintiff Roselyn Wise's (Wise) claims for defamation and civil conspiracy and denied as to Wise's claim under the Family Medical Leave Act (FMLA). The

Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 16, 2018. ECF No. 30. The Clerk of Court entered Defendants' objections to the Report on November 30, 2018, ECF No. 31; Wise replied on December 14, 2018, ECF No. 32. The Court has reviewed Defendants' objections but holds them to be without merit. Therefore, it will enter judgment accordingly.

Defendants object to the Magistrate Judge's recommendation Wise's FMLA claim is not barred by the doctrine of *res judicata*. The Magistrate Judge recommended there was no identity of subject matter between Wise's earlier proceeding before the State Employee Grievance Committee (Grievance Committee) and the instant case, and thus *res judicata* does not bar Wise's FMLA claim. Defendants advance *res judicata* bars Wise's FMLA claim because: 1) the Grievance Committee had jurisdiction to hear Wise's FMLA claim; 2) there was subject matter identity between the Grievance Committee proceeding and this case because both are based upon Wise's termination from employment; and 3) the Magistrate Judge's recommendation *res judicata* does not apply to this case contravenes South Carolina *res judicata* rules. Wise replies the Grievance Committee did not have jurisdiction over her FMLA claim, there was no identity

2

of subject matter between the Grievance Committee litigation and the instant case, and the Magistrate Judge properly applied *res judicata* rules.

*Res judicata* bars the relitigation of claims decided, or which might have been raised, in a previous adjudication. *Hilton Head Ctr. of S.C., Inc. v. Pub. Serv. Comm'n of S.C.*, 362 S.E.2d 176, 177 (S.C. 1987). Federal courts must follow the *res judicata* rules of the State where the prior decision was rendered. *Kremer v. Chem. Constr. Corp*, 456 U.S. 461, 481-82 (1982).

Under South Carolina's *res judicata* rules, the prior adjudication can include administrative proceedings, such as the one at issue in the instant case. *See Bennett v. S.C. Dep't of Corrs.*, 408 S.E.2d 230, 231 (S.C. 1991). For *res judicata* to apply in South Carolina, three elements must be met: 1) the prior and current litigation must involve the same parties; 2) the prior and current litigation must involve the same subject matter; and 3) there must have been a final decision on the merits in the prior litigation. *Latimer v. Farmer*, 602 S.E.2d 32, 2007 (S.C. 2004); *Plum Creek Dev. Co., Inc. v. City of Conway*, 512 S.E.2d 106, 109 (S.C. 1999).

The Magistrate Judge's recommendation and Defendants' objections focus on the second element of *res judicata*, which is known as identity of subject matter. South Carolina courts have found there is identity of subject matter between the prior and current litigation where the primary duties and rights at issue are the same in the two proceedings. *Plum Creek Dev. Co., Inc.*, 512 S.E.2d 106.

Defendants argue the Grievance Committee had jurisdiction to hear Wise's FMLA claim, and the rights and duties being litigated before the Grievance Committee were the same as those at issue in the current case. In making their jurisdictional argument, Defendants concede had Wise raised an FMLA claim before the Grievance Committee, "the Grievance Committee would
3

not have addressed the merits of an FMLA claim . . . ." ECF No. 31 at 4. Thus, assuming without deciding Defendants are correct the Grievance Committee had jurisdiction over Wise's FMLA claim and there is subject matter identity between the Grievance Committee proceeding and this litigation, because the Grievance Committee would not have rendered a decision on the merits as to Wise's FMLA claim, the third element for *res judicata* to apply in South Carolina would be missing, and *res judicata* would, therefore, not bar Wise's FMLA claim before this Court. Further, to the extent Defendants argue the Magistrate Judge incorrectly applied South Carolina *res judicata* rules, the Court has reviewed the cases cited by Wise and Defendants and holds the Magistrate Judge correctly applied South Carolina *res judicata* rules. For those reasons, the Court will overrule Defendants objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Defendants' objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Defendants' motion to dismiss is **GRANTED** as to Wise's claims for civil conspiracy and defamation and **DENIED** as to Wise's FMLA claim.

**IT IS SO ORDERED**.

Signed this 22nd day of January, 2019, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE