

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ROSELYN WISE,<br>　　　　　　　Plaintiff,<br><br>vs.<br><br>SOUTH CAROLINA DEPARTMENT OF REVENUE,<br>　　　　　　　Defendant. | §<br>§<br>§<br>§  Civil Action No. 3:18-02161-MGL<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Roselyn Wise (Wise) filed this action against her former employer, Defendant South Carolina Department of Revenue (SCDOR), alleging violations of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq*, as well as state-law claims. The Court previously dismissed the state-law claims from the suit.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting SCOR's motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on March 26, 2020. Wise filed her Objections to the Report (Objections) on April 9, 2020, and SCDOR filed a reply to the Objections (Reply) on April 23, 2020. The Court has reviewed the Objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Wise alleges SCDOR terminated her employment in retaliation for exercising her rights under the FMLA. Her termination letter cited three rationales for firing her: 1) Wise's threatening statements to another SCDOR employee, 2) a previous written reprimand in Wise's employment file, and 3) Wise's behavior in the meeting concerning the previous reprimand (collectively, firing allegations).

After a period of discovery, SCDOR moved for summary judgment on Wise's retaliation claim. The Magistrate Judge recommended granting that motion, finding SCDOR's termination of Wise was justified by the threatening statements, and that justification was not a pretext for termination in response to Wise's invocation of her FMLA rights. She used the collateral estoppel doctrine to rely on the findings of the State Employee Grievance Committee (Committee) Wise had made threatening statements.

A plaintiff must establish three elements for a successful retaliation claim under the FMLA: 1) she "engaged in protected activity," 2) "the employer took adverse action against" her, and 3)

"the adverse action was causally connected to the plaintiff's protected activity." *Waag v. Sotera Def. Sols., Inc.*, 857 F.3d 159, 191 (4th Cir. 2017).

On this third element, addressesing the employer's intent, the Supreme Court created a burden-shifting framework for courts to employ. *See generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The *McDonell Douglas* framework is applied in cases where a plaintiff "demonstrate[s] intent by circumstantial evidence." *Waag*, 857 F.3d at 191. "Under the framework, . . . [i]f the plaintiff produces sufficient evidence to establish a prima facie case, then a presumption of retaliation arises and the 'burden of production then shifts to the employer to rebut the . . . presumption of retaliation and provide [a] legitimate, nondiscriminatory reason for the adverse employment action.'" *Id.* (quoting *Sharif v. United Airlines, Inc.*, 841 F.3d 199, 203 (4th Cir. 2016)). "If the employer rebuts the presumption of retaliation, then the plaintiff resumes the burden of persuading the factfinder that the employer's proffered explanation is merely a pretext." *Id.* at 191-92 (internal quotations omitted).

Wise raises ten objections to the Report. The Court will address each in turn.

### 1. WISE'S FIRST OBJECTION

Wise first objects to the Magistrate Judge's application of collateral estoppel on the issue of whether she made a threatening statement.

Under South Carolina law, collateral estoppel requires an opportunity to fairly and fully litigate, defined as a prior hearing where "parties are entitled to present witnesses and other evidence, make factual and legal arguments, and appeal a ruling they contend was made in error." *Crosby v. Prysmian Comm's Cables & Sys. USA, LLC*, 723 S.E.2d 813, 817 (S.C. Ct. App. 2012).

She first argues because her FMLA claim was not before the Committee, its findings fail to have preclusive effect for this case. The Committee was charged with investigating the propriety of Wise's firing, and thus, any potential threatening statements justifying her firing. The Magistrate Judge's use of collateral estoppel was related to those statements, not to the validity of any FMLA claim. Accordingly, the fact Wise's FMLA claim was not before the Committee is irrelevant and the objection lacks merit.

Wise further argues the Committee never determined whether she had made threatening statements. The Committee, however, in its decision, explicitly states it "concludes that the threatening comments made by [Wise] to Ms. Corbitt about Ms. Ellison would constitute Workplace violence." Committee Decision at 6. It supported this conclusion by finding Wise "offered no evidence to support her position that her termination from SCDOR was based on conspiracy or false statements." *Id.* at 5. Because the Committee directly addressed the issue of the statement, the Court will overrule the objection.

2.     **WISE'S SECOND OBJECTION**

Wise's second objection, related to her first, argues the application of collateral estoppel in this case would violate her due process rights. There are four subparts to this objection.

Wise's first argument—the Committee used a more demanding standard—conflates two sections of the Committee's Final Decision. While Wise is correct the Committee utilized a higher standard of proof for its legal conclusions section of its decision, those conclusions are irrelevant to the Magistrate Judge's application of collateral estoppel.

Rather, the application of collateral estoppel was to the decision's finding of facts section. Administrative hearings, in South Carolina, are governed by "a preponderance of the evidence" standard and utilize the South Carolina Rules of Evidence. *Id.* § 1-23-600(A)(5). Accordingly, in

4

making its findings of fact, the Committee utilized the same evidentiary standard as appropriate for the present FMLA action. *See Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 294 (4th Cir. 2010) ("[T]he plaintiff then has an opportunity to prove by a preponderance of the evidence that the neutral reasons offered by the employer were not its true reasons, but were a pretext for discrimination.") (internal quotations omitted).  Wise, thus, is incorrect.  The Committee found the collaterally estopped facts under the same burden of proof as the Court applies to her retaliation claim.

Wise further asserts countervailing circumstances argue against the use of collateral estoppel, claiming she did not have an opportunity to fairly and fully litigate the issue before the Committee.

Wise, represented by counsel at the hearing, was permitted to testify at the hearing.  She was also allowed to present witnesses and other evidence, as well as make legal and factual arguments before the Committee.  Although she elected not to appeal the Committee's ruling, she was legally permitted to do so.  Accordingly, all the elements necessary for collateral estoppel are met and the Committee's hearing provided Wise an opportunity to fairly and fully litigate the issue. *See Crosby*, 723 S.E.2d at 817 (listing the elements demonstrative of an opportunity to fairly and fully litigate an issue).

Wise's third argument presents an alternative purported countervailing circumstance.  She argues the Committee discounted her testimony based on arrests—for fraud, forgery, and obtaining a signature of property by false pretenses—which she asserts would be impermissible under Federal Rule of Evidence 609.

Wise's argument ignores Federal Rule 608, which permits, on cross examination, questions about specific instances "if they are probative of the character for truthfulness or untruthfulness"

of a witness. Fed. R. Evid. 608(b)(1). This rule mirrors South Carolina Rule of Evidence 608. *Id.* 608(b) (permitting inquiry into specific instances on cross examination if probative towards a witness's character for truthfulness). The Committee ruled on Wise's motion in limine presenting this very issue, holding South Carolina Rule of Evidence 608 permitted SCDOR to inquire into the arrests on cross examination during the hearing, as they were probative of truthfulness or untruthfulness. Committee's May 22, 2017 Order at 2-3. SCDOR, relying on Rule 608, cross-examined Wise on these arrests. Because the Committee's consideration of the evidence was in line with Federal Rule of Evidence 608, Wise's argument lacks merit.

Finally, Wise argues any appeal of the administrative decision would have unnecessarily delayed her FMLA action, and therefore she should not have been expected to fully litigate the issue through an appeal of the Committee's decision. Wise's argument is unavailing. Wise fails to present any argument why pursuing an appeal of the Committee's decision would delay her FMLA action. The FMLA lacks any administrative exhaustion requirement. *See* 29 C.F.R. § 825.400 (providing a litigant can choose to either file a FMLA lawsuit in court or file a complaint with the Secretary of Labor). Wise could have filed her FMLA action while the South Carolina administrative appeal was pending, without any delay.

In sum, Wise had an opportunity to fully and fairly litigate the issue of her statement before the Committee. As such, no countervailing considerations militate against the Magistrate Judge's application of collateral estoppel to Wise's retaliation claim. Accordingly, the Court will overrule Wise's second objection.

**3.      WISE'S THIRD OBJECTION**

Wise thirdly objects to the "Magistrate Judge engag[ing] in fact finding and weighing of evidence when determining that no reasonable fact finder could find that a casual connection or

6

pretext existed." Objections at 9. She contends the Magistrate Judge improperly weighed evidence by concluding no reasonable juror could find the reason for her termination was pretextual. As stated above, a plaintiff must demonstrate "the adverse action was causally connected to the plaintiff's protected activity," to establish a prima facie case for retaliation. *Waag*, 857 F.3d at 191. Once a plaintiff establishes a prima facie case, the burden shifts to the defendant to provide a non-discriminatory reason for the action, which, when provided, shifts the burden back to the plaintiff to demonstrate that reason is pretextual. *Id.* at 191-92 (laying out the *McDonnell Douglas* framework).

The Magistrate Judge evaluated the evidence before the Court and correctly recommended the Court grant summary judgment. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000) ("[A]n employer would be entitled to judgment as a matter of law [on an FMLA claim] if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred.").

Here, the issue of Wise's termination for threatening statements had been previously litigated before the Committee and its application to her FMLA claim conclusively provides a nondiscriminatory, nonpretextual reason for the termination decision. *See Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 551 (4th Cir. 2006) (stating if the termination was for the reason provided plaintiff fails to prove pretext). Because Wise fails to establish pretext, her retaliation claim fails even if she could establish a causal connection for her prima facie case. *See Waag*, 857 F.3d at 192 (stating a retaliation claim fails if a plaintiff cannot establish pretext even if the court were to assume plaintiff established a prima face case with a causal connection). Accordingly, the

7

Magistrate Judge applied the competent evidence, rather than engaging in fact-finding. Consequently, the Court will also overrule Wise's third objection.

**4.     WISE'S FOURTH OBJECTION**

Wise's fourth objection focuses on the Magistrate Judge stating Wise had failed to present evidence to refute each of the nondiscriminatory reasons for termination proffered by SCDOR. She asserts she provided countering evidence to each of the three reasons provided in the termination letter.

As discussed above, the threatening statement rationale is sufficient justification for the termination and the other two rationales are unnecessary. Accordingly, any error by the Magistrate Judge as to the other two rationales is harmless. The Magistrate Judge sufficiently analyzed the threatening statement rationale. The Court will, thus, overrule Wise's fourth objection.

**5.     WISE'S FIFTH OBJECTION**

Wise's fifth objection argues the Magistrate Judge incorrectly determined Wise lacked a causal connection between her termination and her FMLA leave. She contends she experienced animus throughout her FMLA period from her supervisors. She maintains this supports a temporal proximity argument between her FMLA use and termination, undermining SCDOR's non-pretextual rationale.

To start, Wise overstates the import of the Magistrate Judge's temporal proximity analysis. The Magistrate Judge considered a number of factors in recommending summary judgment, not just the lack of temporal proximity. Specifically, the Report states "Wise's reliance on temporal proximity, without more, fails to meet her burden to establish pretext." Report at 18. Additionally, as the Magistrate Judge points out, Wise's last documented use of her FMLA leave occurred five months prior to her termination. *Id.*

Further, Wise conflates workplace animus from her supervisors concerning her FMLA leave—who were uninvolved with SCDOR's termination decision—and the termination decision itself. For a plaintiff to establish a causal connection in a retaliation claim, she must demonstrate the employer took "the adverse employment action *because* the plaintiff engaged in a protected activity." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998). Thus, the employer's decision-maker must have "knowledge that the plaintiff engaged in a protected activity," for there to be a connection. *Id.* Because her supervisors were not the decision-makers regarding her termination, their purported animus throughout her FMLA period, without more, fails to establish SCDOR's termination decision was pretextual. Accordingly, the Court will overrule this objection.

**6.    WISE'S SIXTH AND SEVENTH OBJECTIONS**

Wise's sixth and seventh objections argue the Magistrate Judge improperly rejected as immaterial her supervisor's knowledge of her FMLA leave. She asserts her direct supervisors had direct knowledge of her FMLA leave. She alleges such knowledge is relevant because the supervisor was the subject of the purported threat that started Wise's termination process.

Similar to the previous objection, Wise fails to establish her supervisors were the decision-makers for her termination. The FMLA requires the employer to "have taken the adverse employment action *because* the plaintiff engaged in a protected activity." *Id.* Even if her supervisors made the report because of her FMLA claim, the official complaint sparking the investigation resulting in her termination had nothing to do with her FMLA status. Therefore, her supervisor's knowledge of her FMLA leave is irrelevant to whether the termination decision was because of her protected activity. Absent evidence the termination decision itself, rather than the

9

initial complaint by her supervisors, was influenced by her FMLA leave, she fails to establish a causal connection.  Accordingly, the Court will overrule both of these objections.

**7.     WISE'S EIGHTH OBJECTION**

Wise's eighth objection is to the Magistrate Judge determination the execution of SCDOR's investigation into the firing allegations failed to establish pretext.  She portrays the investigation as shoddy, asserting investigators failed to interview relevant individuals and neglected to investigate purported inconsistencies between statements from two individuals who were either involved or witnessed her purportedly making threatening statements to a co-worker.  She asserts the Magistrate Judge's recommendation would deprive her of the opportunity to have a jury decide if the method of investigation lead to a conclusion the firing was pretextual.

To start, Wise is collaterally estopped from making this argument by the finding from the Committee.  Further, her disagreement takes issue with a number of SCDOR's investigative methods, but fails to point to any evidence the outcome of the investigation would have been different, other than her denial of making the threatening statement.

This is more akin to frustration and disagreement with the outcome of the investigation than evidence of an improper investigation.  *See Laing v. Fed. Express Corp.*, 703 F.3d  713, 722 (4th Cir. 2013) ("But such disagreement [with the outcome of an investigation] does not prove that FedEx's decision to fire her for falsifying her records was dishonest or not the real reason for her termination, which is what is required at step three of the burden-shifting framework.") (internal quotations omitted).

Wise's assertion the investigation was "shoddy," fails to create a material dispute of fact as to whether the termination decision was pretextual.  Accordingly, the Court will also overrule this objection.

10

**8.      WISE'S NINTH OBJECTION**

Wise's penultimately objects to the Magistrate Judge's discussion of Wise's comparator evidence. Wise objects to the Magistrate Judge comparing her situation to that of Calvin Kolwyck (Kolwyck), who SCDOR also fired for making threatening statements in a separate incident after Wise allegedly made hers. She dismisses the comparison because she disputed whether she made the statement, whereas Kolwyck purportedly failed to object. She asserts this makes the comparison inapplicable and incorrectly utilized by the Magistrate Judge.

Wise overstates the impact of the comparison on the Magistrate Judge's recommendation. The Magistrate Judge, after walking through the Kolwyck comparison, states "comparator evidence produced by the parties seems incomplete and inconclusive at best." Report at 16. This objection focuses on analysis not determinative to the Magistrate Judge's recommendation. Accordingly, the Court will also overrule this objection.

**9.      WISE'S TENTH OBJECTION**

Wise's final objection reiterates her disagreement with the Magistrate Judge's analysis of collateral estoppel. She summarily states she has provided sufficient evidence SCDOR failed to have a bona fide belief a threat had been made and therefore validly presented a falsity-of-reason argument for pretext. *See E.E.O.C. v. Sears Roebuck & Co.*, 243 F.3d 846, 852-53 (4th Cir. 2001) (stating a retaliation claim may move forward where a plaintiff makes a prima facie case for discrimination and demonstrates the employer's purported reason for termination is false). This objection is conclusory in nature and therefore fails to require de novo review. *See Orpiano*, 687 F.2d at 47 (stating a court need not conduct a de novo review when a party makes general and conclusory objections). Accordingly, because the Court identifies no clear error with the Report, it will overrule Wise's final objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Wise's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court SCDOR's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

Signed this 23rd day of July 2020 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
